**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CIVIL ACTION NO:**

MARIANNE KANE,

        Plaintiff,
v.

HCA HEALTHCARE, INC., NORTH
PALM BEACH COUNTY SURGERY
CENTER, LLC and COLUMBIA PALM
BEACH GP, LLC,

        Defendants.
_____/

JURY TRIAL DEMANDED

## COMPLAINT

1. Plaintiff Marianne Kane, a former Operating Room Registered Nurse at North County Surgicenter brings this action asserting claims under the Family Medical Leave Act ("FMLA") against Defendants HCA Healthcare, Inc. ("HCA"), North Palm Beach County Surgery Center, LLC and Columbia Palm Beach GP, LLC (collectively, the "Company").

2. Specifically, Ms. Kane was unlawfully terminated while she was on FMLA eligible leave for a medically necessary surgery and retaliated against when she was denied a job opportunity at the Company.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff Marianne Kane is a former employee of Defendants. At all relevant times herein, Ms. Kane met the definition of an "employee" and/or "eligible employee" since she worked at least 1,250 hours in the 12 months prior to her leave and worked in a location that employed 50 or more employees within a 75-mile radius.

6. Defendant HCA Healthcare, Inc. is a foreign not-for-profit corporation with its principal place of business located One Park Plaza, Nashville, TN 37203.

7. Defendant North Palm Beach County Surgery Center, LLC is a domestic not-for-profit corporation with its principal place of business located at 2840 Sixth Avenue S., Lake Worth, FL 33461. At all times relevant herein, North Palm Beach County Surgery Center, LLC met the definition of an "employer" and/or "covered employer" under all the FMLA.

8. Defendant Colombia Palm Beach GP, LLC is a foreign corporation with its principal place of business located at One Park Plaza, Nashville, TN 37202.

9. Defendants North Palm Beach County Surgery Center, LLC and Colombia Palm Beach GP, LLC are listed on Ms. Kane's W2.

10. Defendants HCA Healthcare, Inc. managed the terms and conditions of Ms. Kane's employment and jointly employed and/or part of an integrated enterprise with Defendants North Palm Beach County Surgery Center, LLC and Colombia Palm Beach GP, LLC.

## STATEMENT OF FACTS

**I.     Background**

11. Ms. Kane has been working as a Registered Nurse since 1976.

12. In 2016, Ms. Kane started working at North County Surgicenter as an Operating Room Registered Nurse.

13. On February 18, 2022, Ms. Kane took protected-FMLA to have reconstructive surgery, which was medically necessary due to pain and the loss of upper body range of motion.

14. On March 24, 2022, while Ms. Kane was still on FMLA leave, HCA terminated her employment.

15. As a result, HCA interfered with Ms. Kane's right to be restored to her same position following her FMLA leave.

16. After her termination, Ms. Kane sought to apply for a per diem position at North County Surgicenter.

17. Ms. Kane was not given an interview and shortly after her application the position was removed from the website.

18. Upon information and belief, Ms. Kane was denied the job opportunity because she had notified the Company of her intention to bring legal claims after her termination.

## FIRST CAUSE OF ACTION
### (Interference (Retaliation) in Violation of the FMLA)
*Against All Defendants*

19. Plaintiff repeats, reiterates, and re-alleges each and every allegation in the preceding factual allegations at paragraphs 11-15, as though fully set forth herein.

20. At all times relevant herein, Plaintiff was an "eligible employee" within the meaning of the FMLA. Plaintiff, a full-time employee of Defendants, at all relevant times worked at least 1,250 hours in any 12-month period, and specifically did so during the 12-month period preceding her termination.

21. At all times relevant herein, Defendants were a "covered employer" within the meaning of the FMLA. Defendants employ 50 or more employees during at least 20 calendar weeks over the covered period within a 75-mile radius of Plaintiff's work location.

22. As described above, Plaintiff's leave in March 2022 qualified and approved for FMLA leave because she experienced serious health conditions that made her unable to perform the functions of her job. 29 U.S.C. § 2612(a)(1)(D).

23. The FMLA makes it unlawful for "any employer to interfere with, restrain, or deny the exercise of or attempt to exercise, any right provided under this subchapter."  29 U.S.C. § 2615(a)(1).

24. The Department of Labor is responsible for enacting regulations to carry out the purpose of the FMLA. 29 U.S.C. § 2654.

25. The Department of Labor's enacting regulations provide that (1) "On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment" 29 C.F.R. § 825.214; and (2) "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions. . . ." 29 C.F.R. § 825.220(c).

26. In enacting these regulations, the Department of Labor took the position that "[a]lthough section 2615(a)(2) of the Act also may be read to bar retaliation (*see* Bryant v. Dollar General Corp., 538 F.3d 394 (6th Cir. 2008)), the Department believes that section 2615(a)(1) provides a clearer statutory basis for § 825.220(c)'s prohibition of discrimination and retaliation." The Family and Medical Leave Act of 1993, 73 Fed. Reg. at 67,934, 67,986 (Nov. 17, 2008).

27. By the actions described above, Defendants interfered with Plaintiff's rights under the FMLA by using her FMLA qualifying leave as a negative factor in the decision to terminate her employment and not reinstating her to her same or equivalent position.

28.	As a direct and proximate result of Defendants unlawful interference in violation of the FMLA, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled to an award of monetary damages, liquidated damages, reasonable attorneys' fees and expenses, and other equitable relief that the Court deems just and proper.

29.	In the event that the Court determines that Plaintiff's claim falls under 29 U.S.C. § 2615(a)(2), Plaintiff has alleged that she was terminated because she took qualifying FMLA leave.

## FIRST CAUSE OF ACTION
### (Retaliation in Violation of the FMLA)
*Against All Defendants*

30.	Plaintiff repeats, reiterates, and re-alleges each and every allegation in the preceding factual allegations at paragraphs 16-18, as though fully set forth herein.

31.	Plaintiff through counsel notified Defendants that she intended to bring legal claims for violations of the of the FMLA.

32.	Plaintiff subsequently applied and was denied a per diem position at North County Surgicenter.

33.	Upon information and belief, Plaintiff was denied the job opportunity because she asserted legal claims against Defendants.

34.	As a direct and proximate result of Defendants unlawful retaliation in violation of the FMLA, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled to an award of monetary damages, liquidated damages, reasonable attorneys' fees and expenses, and other equitable relief that the Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States;

B. An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

C. An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, an award of back pay and loss of benefits through the date of trial and front pay and future loss of benefits if the equitable remedies of employment, reinstatement and promotion are not feasible;

D. An award of liquidated damages in an amount to be determined at trial;

E. Prejudgment interest on all amounts due;

F. An award of Plaintiff's reasonable attorneys' fees and costs; and,

G. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: September 20, 2022

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

By: _____
Bryan Arbeit, Bar No. 1010329

8151 Peters Rd, 4th Fl.
Plantation, FL 33324
Tel: (954) 694-9610
barbeit@forthepeople.com

*Attorneys for Plaintiff*